Ahmad Eskandari **MAZILANGHAN; Lida Parishrouy; Milad Eskandari Mazilanghan; Hafez Eskandari Mazilanghan, Petitioners,**

v.

**Peter D. KEISLER,[*] Attorney General, Respondent.**

**No. 03–71650.**

United States Court of Appeals, Ninth Circuit.

---

[*] Peter D. Keisler, substituted for his predecessor Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Sept. 27, 2007.**

Filed Oct. 4, 2007.

Albert M. Sterwerf, Esq., Law Office of Albert M. Sterwerf, Tustin, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sarah T. Schubert, DOJ–U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: WALLACE, T.G. NELSON, and IKUTA, Circuit Judges.

MEMORANDUM ***

Ahmad Eskandari Mazilanghan, a native and citizen of Iran, on behalf of himself and his family, petitions for review of a final order of removal order issued by the Board of Immigration Appeals (Board) on March 20, 2003. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

To qualify for withholding of removal, Mazilanghan must demonstrate that his "life or freedom would be threatened" if he is returned to Germany, on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). In addition, Mazilanghan must demonstrate that the agent of his persecution would be "the government or ... persons or organizations which the government is unable or unwilling to control." Reyes–Reyes v. Ashcroft, 384 F.3d 782, 788 (9th Cir.2004) (internal quotation marks omitted). Mazilanghan has presented no argument that the German government was either directly involved in his alleged persecution, or that they were "unwilling or unable" to control those persons responsible for his alleged mistreatment. As a result, the argument is waived, see Martinez–Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996), and the Board's decision stands on this independently dispositive ground.

Furthermore, substantial evidence supports the Board's determination that the harm suffered by Mazilanghan in Germany did not rise to the level of "persecution." See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003) (single act of physical violence along with harassment and threats did not compel a finding of past persecution). The Board made no mention of credibility, and so any error in the Immigration Judge's adverse credibility determination is irrelevant. Mazilanghan failed to raise any challenge to the Board's determination that he is ineligible for asylum from Germany because he is firmly resettled in Germany, see 8 U.S.C. § 1158(b)(1)(A), or to articulate a basis for relief under the Convention Against Torture, and so any such claims are waived. Mazilanghan's due process challenges are "procedural in nature," and are waived along with his remaining procedural claims because he failed to raise them to the Board. Barron v. Ashcroft, 358 F.3d 674,

** This panel unanimously concludes this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

678 (9th Cir.2004); *Martinez–Serrano,* 94 F.3d at 1259.

**PETITION FOR REVIEW DENIED.**